H. C. THOMPSON, Appellee, v. BELMOND TELEPHONE COMPANY, Appellant.

**TORTS:** Defenses—Honest Belief and Judgment of Wrongdoer. The victim of a tort may not be denied recovery because the wrongdoer, in doing the wrongful act, acted in accordance with his honest belief and judgment. So held in an action against a telephone company for damages for the wrongful cutting of shade trees.

*Appeal from Wright District Court.*—CHAS. E. ALBROOK, Judge.

MONDAY, MAY 14, 1917.

VERDICT and judgment against appellant for wrongfully cutting and injuring shade trees on property of appellee.—*Affirmed.*

*Nagle & Nagle,* for appellant.

*Birdsall & Birdsall,* for appellee.

SALINGER, J.—I. As to the complaint
that the verdict is not sustained by the evidence: Whether we would on trial *de novo* reach the conclusion the jury did, is quite immaterial. On the review permitted us, we cannot disturb the verdict for lack of evidence. It is the law of the case that, while defendant could cut and trim trees, if that were necessary to the use and maintenance of its wires, it is liable if it wrongfully cut or injured the trees on the land of plaintiff. The jury was authorized to find that defendant kept its wires so badly that they sagged, and if this had not been done, the trees cut or trimmed would not have interfered, though not cut or trimmed. It could find that there was injurious trimming, which was unnecessary even in the slack condition the wires were in. Plaintiff claimed $300, and the verdict is $25. We cannot hold that the verdict lacks sufficient evidence.

II. It is urged that Instructions 1, 2 and 3 offered should have been given; that, while Instruction 4 given is quite similar to No. 1 offered, some of the instructions given recognize the rule of No. 2 offered; and, while No. 5 given recognizes the rule of No. 3 offered, it is not very clear, and none of the instructions given cover the ground of the ones refused "clearly." The effect of the instructions refused is: (1) Defendant is not liable if defendant did no more than in good faith to cut and trim off limbs of trees which interfered with its wires and the use of its lines. (2) Defendant is not liable if its servants did not act wantonly, and used their best reasonable and honest judgment in determining which branches and limbs should be cut, and acted with desire and purpose to do as little damage as possible. (3) The jury should separate the cutting that was justified from that which was not, and allow for the last only. Number 2 was rightfully refused. Plaintiff could not be denied recovery because no more

cutting was done than the honest judgment of the employees of defendant thought necessary and proper. If the honest judgment of the agents of defendant was in fact faulty, it and not plaintiff must suffer the consequences. As for the others, we think that Instructions 3 and 4, and still others given, are clear, and recognize all that is proper in the instructions offered, and that, on the whole, the charge given contains the fair equivalent of. Instructions 1 and 3 offered.

The judgment must be—*Affirmed.*

GAYNOR, C. J., LADD and EVANS, JJ., concur.